UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KATELYN BROWN** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-CV-01870 |
| | ) |
| **ALT CLASS INC d/b/a** | ) |
| **CLASSY CHASSY** | ) |
| **and POINTE HR** | ) |
| **MANAGEMENT INC.** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Katelyn Brown ("Brown"), by counsel, brings this action against Alt Class Inc d/b/a Classy Chassy ("Classy Chassy") and Pointe HR Management Inc. ("Pointe HR")(together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and I.C. § 22-2-5 *et. seq.* and I.C. § 22-2-6 *et. seq.* for Defendants' failure to pay Brown earned regular wages, minimum wages and overtime wages. Defendants operate an adult nightclub in Indianapolis, Indiana named "Classy Chassy." Brown is currently a tipped employee of Defendants, working as a server, bartender and manager. Defendants pay Brown sub-minimum wages under the tip-credit provisions of the FLSA. Those provisions permit employers of tipped employees to pay wages less than minimum wage, so long as employers comply with the requirements of the tip-credit provisions. Defendants disregarded those requirements and thus violated the federal minimum wage laws. Further, Defendants violated the

overtime provisions of the FLSA by requiring Brown to work off-the-clock and by failing to pay Brown for all hours worked. Defendants violated Indiana law by failing to timely pay Brown's earned wages and by making unlawful deductions from the wages of Brown. Lastly, Defendants violated the FLSA by unlawfully retaliating against Brown.

## PARTIES

2. Brown is an individual who resides in Marion County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Brown was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

3. Defendant Pointe HR is an Indiana domestic corporation located in Indianapolis, Indiana. Pointe HR acted, directly or indirectly, in the interest of an employer with respect to Brown. Pointe HR is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendant Classy Chassy is an Indiana domestic corporation located in Indianapolis, Indiana. Classy Chassy acted, directly or indirectly, in the interest of an employer with respect to Brown. Classy Chassy is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Brown brings a claim arising under federal law.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Brown was engaged in interstate commerce as defined by the FLSA, 29 U.S.C. §§ 206 and 207.

10. Classy Chassy is an "employer" as that term is defined by the FLSA. Classy Chassy is a "joint employer" as that term is defined by the FLSA. Classy Chassy is a "person" as that term is defined by the FLSA.

11. Pointe HR is an "employer" as that term is defined by the FLSA. Pointe HR is a "joint employer" as that term is defined by the FLSA. Pointe HR is a "person" as that term is defined by the FLSA.

12.  Defendants operate as a single business engaged in related activities that are performed for a common business purpose through common control and/or unified operation.  Together, Defendants operate as and are a single enterprise under the FLSA.

## FACTS

13.  Within the last three years, Defendants have employed Brown as a server, bartender and manager at their adult nightclub located at 4444 Harding Street, Indianapolis, Indiana.

14.  Brown was not exempt from the minimum wage provisions of the FLSA.

15.  Brown worked as a tipped employee and was paid an hourly rate less than the full applicable federal minimum wage.

16.  Brown's designation as a server, bartender, or manager on a given shift determined her rate of pay.

17.  While working as a server, Brown was paid at a rate of $2.13 an hour.

18.  While working as a bartender, Brown was paid at a rate of $5.00 an hour.

19.  While working as a manager, Brown was paid at a rate of $10.00 an hour.

20.  Later in her employment, while working as a manager, Brown was paid a shift rate of $60.00 regardless of her hours worked.  During this time, Brown worked as many as 9 hours during a manager shift.

21.  Defendants failed to inform Brown of the provisions of the tip credit subsection of the FLSA.

22.  Defendants allowed Brown to keep some, but not all of the tips she earned while working as a server.  Specifically, pursuant to Defendants' practices and policies,

while working as a server Brown would take drink orders from customers.  Brown was then required to purchase those drink orders from the bar using her own earned tips.  Brown would then deliver drinks to her customers who would then usually, but not always, reimburse Brown for the drinks ordered.  In the event that a customer did not pay for a drink for any reason, Brown would take a loss on the entire transaction.  Therefore, Defendants operated under a common practice and policy of passing on regular business losses to their servers, preventing Brown from retaining all tips she received.

23.     Defendants allowed Brown to keep some, but not all of the tips she earned while working as a bartender.  Specifically, pursuant to Defendants' practices and policies, while working as a bartender, the cash drawer Brown worked out of during a shift would be reconciled at the end of the shift by another employee of Defendants.  In the event that the drawer came up short, Defendants required Brown to make up the shortage using her earned tips.  In the event that Brown had not earned enough tips to make up for the shortage, Brown would carry forward a negative balance until she earned enough tips to cover the balance. Therefore, Defendants operated under a common practice and policy of passing on regular business losses to their bartenders, preventing Brown from retaining all tips she received.

24.     Defendants made further unlawful deductions from Brown's wages earned as a manager.  Specifically, pursuant to Defendants' practices and policies, when the cash sum in Defendants' safe came up short at the end of a given shift, the manager on duty had the amount of the shortage deducted from her earned wages.  On several occasions, Defendants made deductions from Brown's pay for safe shortages.

25. During her employment, Brown regularly worked in excess of forty (40) hours in a single workweek.

26. Brown often worked as a server, bartender and manager all during the same shift.

27. Brown was told by Defendants' manager, Heather Warren, that she could not clock-in for all hours she worked in order to hide the overtime hours. As a result, Brown was typically not allowed to clock more than thirty-six (36) hours per week while working for Defendants even though she worked well in excess of her recorded hours.

28. Brown regularly worked approximately seventy (70) hours per week.

29. Defendants did not pay Brown one and one-half her regular rate of pay for all hours she worked in excess of forty (40) in a single workweek.

30. Even when Brown's overtime hours were reported "on-the-clock", with Brown's paystubs showing her hours worked in a single week as being in excess of forty (40), Brown was still not paid the overtime premium.

31. Defendants did not pay Brown the required minimum wage for all hours she worked during her employment.

32. Defendants did not pay Brown all her earned wages. Specifically, Defendants did not pay Brown her agreed upon rate for all hours she worked.

33. Defendants knew or had reason to know that Brown was working regular and overtime hours for which she was not being paid any wages.

34. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding the taking of tip credit against minimum wages was a willful violation of the FLSA.

35. Defendants' failure to comply with the overtime requirements of the FLSA was a willful violation of the FLSA.

36. Defendants' failure to timely pay Brown all her earned wages was in bad faith.

37. On or about May 14, 2016, Brown was informed by Heather Warren and James Evans, Defendants' Manager and General Manager, respectively, that Defendants had learned Brown was speaking to a lawyer about bringing a lawsuit regarding the minimum wage and overtime issues raised in this Complaint.  On June 13, 2016 and June 14, 2016, Warren sent texts to Brown stating that she had again heard that Brown was speaking to a lawyer.  Warren informed Brown that because she had not come to Warren first, Warren was cutting Brown's scheduled hours down to twenty-four (24) hours per week, and that Brown would no longer be allowed to work as a bartender or manager for Defendants.

## COUNT I: FAILURE TO MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. Brown hereby incorporates by reference Paragraphs 1 – 37 of this Complaint.

39. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §206 by failing to comply with the minimum wage requirements of the FLSA regarding the utilization of a tip credit against minimum wages and by failing to pay Brown the required minimum wage for all hours worked. Defendants have acted willfully in failing to pay Brown in accordance with the law.

## COUNT II: FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

40. Brown hereby incorporates by reference Paragraphs 1 – 39 of this Complaint.

41. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §207 by failing to comply with the overtime requirements of the FLSA. Specifically, Defendants failed to pay Brown the overtime premium for Brown's hours worked in excess of forty (40) in a single workweek. Defendants have acted willfully in failing to pay Brown in accordance with the law.

## COUNT III: FAILURE TO PAY WAGES IN ACCORDANCE WITH I.C. § 22-2-5 *et. seq.* and I.C. § 22-2-6 *et. seq.*

42. Brown hereby incorporates by reference Paragraphs 1 – 41 of this Complaint.

43. Defendants violated I.C. § 22-2-5 *et. seq.* and I.C. § 22-2-6 *et. seq.* by failing to pay Brown her earned wages and by making unlawful deductions from the pay of Brown.

44. Defendants' violations of Indiana law were in bad faith.

## COUNT IV: RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

45. Brown hereby incorporates by reference Paragraph 1 – 44 of this Complaint.

46. By demoting Brown and reducing her scheduled hours, Defendants retaliated against Brown because she engaged in protected activity in violation of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Katelyn Brown demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff, in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An Order awarding Brown reinstatement or front pay in lieu thereof;

c. An Order pursuant to I.C. § 22-2-5 et. seq. finding Defendants liable for unpaid earned wages due to Brown and for liquidated damages double in amount to the unpaid wages found due to Brown;

b. An Order awarding Brown the costs of this action;

c. An Order awarding Brown her attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Robert J. Hunt
Robert J. Hunt (#30686-49)

 s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS LEGAL GROUP, P.C.
3091 E. 98th St., Suite 280
Indianapolis, Indiana 46280
Telephone:   (317) 706-1100
Facsimile:   (317) 623-8503
E-Mail:  phil@gibbonslegalgroup.com
            rob@gibbonslegalgroup.com